UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| GARIUP CONSTRUCTION COMPANY, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| CITY OF EAST CHICAGO, BOARD OF PUBLIC WORKS and CITY OF EAST CHICAGO, DEPARTMENT OF PLANNING AND ECONOMIC DEVELOPMENT, | ) ) ) ) ) |
| Defendants. | ) |

CAUSE NO. 2:21CV319-PPS/JEM

## OPINION AND ORDER

Gariup Construction Company entered into a construction contract with the City of East Chicago for a portion of the work involved in renovating the city's athletic field known as "Block Stadium." The city imposed liquidated damages against Gariup for violation of two ordinances, one requiring public construction work to be performed by at least 50% "actual residents" of East Chicago (the "Resident Ordinance"), and the other requiring public construction work to be performed by a particular percentage of minorities and women (the "Minority/Women Ordinance"). Gariup filed this lawsuit to challenge the imposition of the noncompliance penalties. Now before me is a motion by the city to dismiss some of Gariup's legal theories.

Gariup's complaint is organized into three counts. Count I alleges "Violations of Gariup's Rights Under the United States Constitution." [DE 1 at 5-6.] Count II seeks a declaration that both the Resident Ordinance and the Minority/Women Ordinance are

unconstitutional, and that the city's arbitrary computation of fines violated Gariup's right to due process. [*Id*. at 6-7.] Count III is a petition for judicial review of administrative orders and procedures under Indiana Code §4-21.5-5.7. [*Id*. at 7-8.] The constitutional claims identified in Count I include violations of the Commerce Clause, the Privileges and Immunities Clause, the Equal Protection Clause, and the Due Process Clause. East Chicago argues that Gariup's claims under the Commerce Clause, Privileges and Immunities Clause, and Due Process Clause should be dismissed.

**Failure to State a Claim Standard**

The City's motion is brought under Fed.R.Civ.P. 12(b)(6). A motion under Fed.R.Civ.P. 12(b)(6) challenges the sufficiency of the complaint "to state a claim upon which relief can be granted." The Supreme Court interpreted the Rule 12(b)(6) pleading standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Ruling on a motion under Rule 12(b)(6), I must accept the truth of the pleading's well-pleaded allegations, and draw all inferences in the light most favorable to the plaintiff. *Killingsworth v. HSBC Bank*, 5507 F.3d 614, 618 (7th Cir. 2007). The Rule 12(b)(6) standard requires "a claim to relief that is plausible on its face," which in turn requires factual allegations sufficient to permit a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556.

The Seventh Circuit has described *Twombly* as establishing "two easy-to-clear hurdles," namely that (1) the complaint describe the claim in sufficient detail to give the defendant fair notice of the claim and the basis for it, and (2) the allegations plausibly

suggest that the plaintiff has a right to relief. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008), quoting *Equal Employment Opportunity Commission v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "Plausibility" in this context does not empower the court to consider which party's story should be believed, but only that "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

**The Commerce Clause Claim**

Gariup alleges that the city's enforcement of the Resident Ordinance against Gariup violated the Commerce Clause. [DE 1 at ¶15.] East Chicago argues that the Commerce Clause claim should be dismissed because the city acted as a "market participant," citing *White v. Mass. Council of Construction Employers, Inc.*, 460 U.S. 204, 205 (1983). The Commerce Clause of the United States Constitution expresses the well-established premise "that this Nation is a common market in which state lines cannot be made barriers to the free flow of both raw materials and finished goods in response to the economic laws of supply and demand." *Hughes v. Alexandria Scrap Corp.*, 426 U.S. 794, 803 (1976). In *Hughes*, the Supreme Court held that "[n]othing in the purposes animating the Commerce Clause prohibits a State, in the absence of congressional action, from participating in the market and exercising the right to favor its own citizens over others." *Id*. at 809.

In *White*, the Supreme Court similarly observed that "when a state or local government enters the market as a participant it is not subject to the restraints of the

Commerce Clause," and the "single inquiry" is "'whether the challenged program constituted direct state participation in the market.'" *White*, 460 U.S at 208, quoting *Reeves, Inc. v. Stake*, 447 U.S. 429, 436 n.7 (1980).  In that case, the Supreme Court applied the market participant exception and upheld a mayor's executive order requiring that every construction project funded in part by city funds be performed by a work force of which at least 50% are city residents.  *White*, 460 U.S. at 205.  East Chicago argues that Gariup's Commerce Clause claim is subject to dismissal because in contracting with Gariup for the public construction project, the city acted as a market participant and so is not subject to Commerce Clause restraints.  [DE 12 at 4.]

In response, Gariup also cites *White* and contends that a determination of the city's status as a market participant depends on whether the construction projects at issue were funded entirely with public funds.  [DE 18 at 4.]  Gariup suggests that, as a result, the issue is raised prematurely in a motion to dismiss and must await the opportunity to conduct discovery and be raised in a summary judgment motion instead.  [*Id*.] But in making this argument, Gariup does not cite or quote a passage from *White* holding as Gariup suggests, that a market participant "*must show* (among other factors), [that] it expended *only its own funds* in entering a contract." [DE 18 at 4 (emphasis added).] In reply, the city disputes whether *White* means that East Chicago must show that the construction project was funded by the city's own funds, and cites *White*'s pronouncement that "the only inquiry is whether the challenged program

4

constituted direct state or local participation in the market." [DE 19 at 2, quoting *White*, 460 U.S. at 204.]

The parties have each given fairly brief treatment to the "market participant" argument, but even so have managed to muddy rather that clarify. Ultimately I am not persuaded that East Chicago's skeletal argument demonstrates an entitlement to dismissal for failure to state a claim. Governments' market participant exception to the dormant Commerce Clause has had almost 40 years of further development since the *White* decision in 1983, and East Chicago's summary treatment of the issue fails to examine later application of *White* by other courts. Gariup's response is similarly scanty. I must admit to having a high degree of skepticism about the Commerce Clause claim. It seems likely that East Chicago was in fact a market participant and public funds were used in the contract. But given the threadbare analysis of the issue provided by the parties, this is an issue best left for summary judgment. Whether the "market participant" exception defeats Gariup's Commerce Clause claim is better addressed after discovery can be used to support or rebut contentions about the City's "direct participation" in the market to which the challenged ordinances are subject. The motion to dismiss will be denied as to the claim under the Commerce Clause.

**The Privileges and Immunities Claim**

The Privileges and Immunities Clause of Article IV, §2 of the U.S. Constitution provides that "[t]he Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." The Supreme Court has recently observed

that "the Privileges and Immunities Clause has been interpreted not to protect corporations." *Tennessee Wine and Spirits Retailers Ass'n v. Thomas*, 139 S.Ct. 2449, 2460-61 (2019), citing *Western & Southern Life Ins. Co. v. State Bd. of Equalization of Cal.*, 451 U.S. 648, 656 (1981). East Chicago argues that Gariup fails to state a claim under the Privileges and Immunities Clause because it is a corporation. [DE 12 at 6.]

Gariup's opposition to this argument is to mischaracterize the city's argument as that only "natural persons" are afforded the protections of the Privileges and Immunities Clause, and to cite the Supreme Court's decision in *United Building and Construction Trades Council*, 465 U.S. 208 (1984), in contradiction of that principle. [DE 18 at 4.] *United Building* did not involve a corporation, but an association of labor organizations, and the Supreme Court's decision did not in any way undermine its decision from three years earlier in *Western & Southern*. In any event, that corporations do not enjoy Privileges and Immunities protection has recently been reaffirmed in *Tennessee Wines and Spirits*. Unless the Supreme Court says otherwise, the issue is now settled law. Gariup's Privileges and Immunities claim will therefore be dismissed for failure to state a claim.

**The Due Process Claim**

In its complaint, Gariup alleges that East Chicago's enforcement of the Minority/Women Ordinance violated Gariup's Fourteenth Amendment rights because the ordinance "is neither justified by a compelling interest of East Chicago nor narrowly tailored to accomplish a compelling remedial purpose." [DE 1 at ¶16.] No particular

6

constitutional right is identified in connection with this invocation of the Fourteenth Amendment. East Chicago's motion to dismiss does not address this claim expressed in ¶16 of Gariup's complaint.

Gariup alleges that its due process rights were violated by the city's use of "arbitrary, capricious, and incomprehensible procedures" to impose the penalties against Gariup. [DE 1 at ¶17. East Chicago argues that this claim should be dismissed because Gariup did not possess a protected property interest giving rise to the due process protections Gariup's claim relies on. [DE 12 at 7-8.] More particularly, the city contends that Gariup had no "legitimate entitlement to the retained contract payments" because both ordinances, to which Gariup agreed in its contracts, provided for East Chicago's retention of a percentage of payments as liquidated damages for Gariup's failure to meet the hiring requirements of residents, minorities and women. [*Id*. at 8.] Gariup, without disputing that it did not meet the hiring requirements of the two ordinances, responds by asserting that it has "a legitimate property interest in avoiding penalties imposed by East Chicago." [DE 18 at 5.]

A procedural due process claim involves a two-step analysis. First, the court must determine whether the plaintiff has a liberty interest or property interest which has been interfered with by the defendants. *Pro's Sports Bar & Grill, Inc. v. City of Country Club Hills*, 589 F.3d 865, 870 (7th Cir. 2009); *Herrada v. City of Detroit*, 275 F.3d 553, 556 (6th Cir. 2001). If so, the second step is to consider whether "the procedures that accompanied the interference were constitutionally sufficient." *Id*. The city's argument

7

that Gariup had no legitimate interest in the withheld funds because it had failed to meet the requirements of the ordinances seems to me to put the cart before the horse, prematurely presuming the legitimacy of the city's imposition of the penalties, a question to be determined at the second step of the analysis. *Id*. In the context of this case, for purposes of a motion to dismiss, Gariup had a property interest in receiving the payments due to it for performance of its construction work under its agreements with East Chicago. *Citizens Health Corp. v. Sibelius*, 725 F.3d 687, 694 (7th Cir. 2013) ("A legitimate claim of entitlement may arise from a contract, a statute, or a regulation, provided the source of the claim is specific enough to require the provision of the benefit on a nondiscretionary basis.")

Gariup's due process allegations include that the city failed to provide Gariup with "proper notice of the Hearing," and that the administrative law judge relied on "improper evidence to fine Gariup." [*Id*. at ¶17.] As to the first of those claims, Gariup has pled itself out of court. The complaint and its exhibits acknowledge Gariup's receipt of the Hearing Notice and its appearance at the hearing where it had the opportunity to be represented by counsel, to present evidence, and to call witnesses. [DE 12 at 7, citing DE 1-4 at 2 and DE 1 at ¶¶11-12.] As noted by East Chicago, Gariup's opposition to the motion does not even bother to respond to the city's argument about proper notice having been given for the hearing. [DE 19 at 3, n.2.] In short, the city's argument that Gariup's own pleading defeats its "lack of notice" claim is both well-taken and unopposed. The claim will be dismissed for failure to state a claim. However, the city's

8

motion to dismiss does not specifically address Gariup's due process allegation about "improper evidence" being used to support the administrative finding. So that portion of the claim survives dismissal.

**Conclusion**

Count 1 of Gariup's complaint presents a scattershot approach to constitutional claims, and East Chicago has responded with a similarly scattershot motion for partial dismissal. A few pellets have hit a recognizable target. The Privileges and Immunities claim and any Due Process claim based on lack of a proper notice of the administrative hearing will be DISMISSED. However, the Equal Protection claim, the Fourteenth Amendment claim in ¶16 of the complaint, and a Due Process claim based on the administrative law judge's reliance on "improper evidence" in ¶17 have not been challenged in the city's motion, and so go forward, along with Gariup's other allegations in support of a claim under the Due Process Clause. Finally, for the reasons outlined above, the Commerce Clause claim also survives dismissal.

ACCORDINGLY:

Defendants' Motion for Partial Dismissal of the Plaintiff's Complaint [DE 11] is GRANTED IN PART as to the claims in Count 1 under the Privileges and Immunities Clause, and under the Due Process Clause based on lack of a proper notice of the administrative hearing. In all other respects, the motion is DENIED.

SO ORDERED.

ENTERED: May 4, 2022.                   /s/ Philip P. Simon
                                        **United States District Judge**